**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

# FILED

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| TREVOR REYNOLDS; HEATHER REYNOLDS; H. R., a minor; R. R., a minor, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> MAYA BRYSON; CHERYL BERGLUND, <br><br> Defendants-Appellants, <br><br> and <br><br> COUNTY OF SAN DIEGO; SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY; POLINSKY CHILDRENS CENTER; SHARI MEDEIROS; LAURA ZETMEIR; KRISTIE CAMPELL; DOES, 1-50, <br><br> Defendants. | No. 16-56565 <br><br> D.C. No. 3:11-cv-01256-JAH-AGS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 8, 2018
Pasadena, California

Before: GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Defendants Maya Bryson and Cheryl Berglund appeal the partial denial of their motion for summary judgment based on qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. *See Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001) (per curiam). We reverse the partial denial, holding that Defendants are entitled to qualified immunity for the removal of H.R.

Defendants are entitled to qualified immunity if, "resolving all disputes of fact and credibility in favor of the party asserting the injury," (1) the facts adduced show that Defendants' conduct did not violate a constitutional right, or (2) the right was not clearly established at the time of the violation. *Demaree v. Pederson*, 880 F.3d 1066, 1074 (9th Cir. 2018) (per curiam) (citation omitted) (describing the two-pronged test of *Saucier v. Katz*, 533 U.S. 194 (2001)). We may begin our analysis with either prong. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Here, we begin with the second prong. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (internal quotation marks omitted). For a right to

be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 792 (9th Cir. 2016) (en banc) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). To meet this standard, existing precedent must be "particularized" to the facts of the case, as "immunity protects all but the plainly incompetent or those who knowingly violate the law." *White*, 137 S. Ct. at 551–52 (internal quotation marks and citation omitted).

Even assuming that Defendants violated a constitutional right by removing H.R., that right was not clearly established in June of 2010. At the time, our case law described "a well-elaborated constitutional right [of parents and children] to live together without governmental interference." *Burke v. Cty. of Alameda*, 586 F.3d 725, 731 (9th Cir. 2009) (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000)). But our case law did not give "fair and clear warning" about the application of this general right to the circumstances facing Defendants. *White*, 137 S. Ct. at 552 (internal quotation marks and citation omitted); *see, e.g.*, *Rogers v. Cty. of San Joaquin*, 487 F.3d 1288, 1295 (9th Cir. 2007) (addressing removal based on concerns about "bottle rot, the children's malnourishment, and the disorderly conditions in the home"); *Wallis*, 202 F.3d at 1138–40 (addressing an "extraordinary" case in which removal was based on a psychiatric patient's claim

3

that a satanic ritual sacrifice was imminent); *see also Kirkpatrick*, 843 F.3d at 793 (noting that "none of the cases from this court explain when removing an infant from a parent's custody at a hospital to prevent neglect, without a warrant, crosses the line of reasonableness and violates the Fourth Amendment").

Decisions from other jurisdictions supported the removal of H.R. because of Defendants' reasonable belief that his sibling R.R. had been abused. *See Cornejo v. Bell*, 592 F.3d 121, 129 (2d Cir. 2010) (decided January 4, 2010); *Taylor v. Evans*, 72 F. Supp. 2d 298, 309 (S.D.N.Y. 1999). These cases may not be directly on point, given differences among the circuits about the standard for removing a child. *See Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 428 (5th Cir. 2008) (discussing these differences, and noting that the "Ninth and Tenth Circuits have adopted the strictest standards for removal of a child"). However, they undermine any claim that it was clearly established that Defendants could not constitutionally remove H.R., which was Plaintiffs' burden to prove. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1065 (9th Cir. 2006).

**REVERSED**.